IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHNNIE ROCHELL, JR.                                                    PLAINTIFF

V.                          CASE No. 5:16-CV-5093

DETECTIVE CODY ROSS                                                     DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant Detective Cody Ross's Motion for Reconsideration (Doc. 76) and Brief in Support (Doc. 77). Detective Ross asks that the Court reconsider its Order of October 25, 2017 (Doc. 69), in which it dismissed with prejudice Plaintiff Johnnie Rochell, Jr.'s official-capacity claim against former defendant Springdale, Arkansas, and Mr. Rochell's claim against Detective Ross for false arrest. The Court preserved for trial Mr. Rochell's individual-capacity claims against Detective Ross for excessive force and for false imprisonment, finding that Detective Ross was not entitled to qualified immunity on either of those claims.

The Motion for Reconsideration does not mention the Court's decision to preserve the excessive-force claim for trial, so the Court interprets that omission to mean that Detective Ross does not request reconsideration of that decision. Instead, the Motion focuses exclusively on the false imprisonment claim. Detective Ross's first argument in support of reconsideration is that the undisputed facts in the summary judgment record showed, at most, that he was merely negligent with respect to Mr. Rochell's false imprisonment, and there was no evidence that Detective Ross engaged in the type of intentional or willful conduct necessary to create a genuine, material dispute of fact as to whether he committed this tort. Second, Detective Ross argues that because the Court

found that he was entitled to qualified immunity for the false arrest claim, that same immunity should also shield him from liability for false imprisonment. The Court will address both of his arguments in turn.

Before launching into the analysis, the Court first observes that a motion for reconsideration may be made pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Lowry ex rel. Crow v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 761 (8th Cir. 2008) (quoting *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations and quotations omitted)). Rule 60(b) provides that a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6).

In considering Detective Ross's arguments, the Court finds that no manifest errors or law were made. There remains a genuine, material dispute of fact that he willfully or intentionally committed the tort of false imprisonment, for the reasons set forth in detail in the Court's Order on summary judgment. As the Court's Order made clear, when Detective Ross arrived at the police station and commenced the booking process for Mr. Rochell, Detective Ross was presented, for the first time, with a copy of an ACIC report, the contents of which formed the sole basis for arresting Mr. Rochell for being a felon in possession. The report contained information about another person entirely, Mr. Johnny Wayne Russell, Jr., who was clearly identified by name at the top of the form, as well as by race. And, of critical importance here is the fact that Mr. Russell is Caucasian, and Mr.

2

Rochell is African-American.

Despite being presented with evidence that Mr. Rochell's criminal history had possibly been confused with that of a white man named Johnny Russell, Detective Ross proceeded to have Mr. Rochell booked and incarcerated in the county jail without investigating the obvious factual inconsistencies on the face of the first page of the ACIC report. These circumstances create a genuine, material dispute of fact that Detective Ross willfully or intentionally failed to conduct further investigation in favor of simply allowing Mr. Rochell to be incarcerated—for reasons the Court can only speculate about—and despite the fact that: (1) Mr. Rochell adamantly denied that he was a felon, and (2) Detective Ross admitted in his deposition that after he arrived at the police station and saw the report, he suspected that "there may have been some validity to [Mr. Rochell's denials]," (Doc. 69, p. 23), but made the decision to disregard his suspicion and send Mr. Rochell to jail.

Detective Ross contends that the facts in the summary judgment record point to his mere negligence, but the Court disagrees. The Order on summary judgment explained that an officer cannot rest on a defense that he was "merely negligent" when other evidence indicates his plain incompetence; and here, the factual record creates a triable issue of fact that Detective Ross's "skills in analyzing ACIC reports and performing follow-up database searches [were] substandard and not commensurate with the skills typically possessed by a reasonable officer." *Id.* at 25 n.5.

Detective Ross's second argument is that the qualified immunity he received for falsely arresting Mr. Rochell should extend to the claim for false imprisonment. The Court disagrees for the reasons carefully explained in its Order on summary judgment. Detective Ross was entitled to qualified immunity for false arrest because he reasonably relied on

a police dispatcher's confirmation that Mr. Rochell was a convicted arsonist. Although the dispatcher was wrong, and the ACIC report she ran on Mr. Rochell was erroneous, the law is clear that "[e]ven when a suspect tells the arresting officers that their information is faulty and that he has not been convicted of a felony, it is 'objectively reasonable for the officers to rely on [the suspect's] criminal history as reported and confirmed to them by a police dispatcher.'" *Id.* at 22. Because Detective Ross reasonably relied on the dispatcher's report relayed over the phone at the scene of the arrest, he was entitled to qualified immunity.

That qualified immunity evaporated, however, at the moment Detective Ross arrived at the police station and was given a copy of the ACIC report. At that point, he was no longer entitled to blindly rely on the dispatcher's representations. He was required to use his own knowledge and experience as a detective to examine the report and form his own conclusions. The first entry in the report named a Caucasian male, Johnny Russell, who was not the same person Detective Ross had arrested. This facial error or inconsistency, when considered alongside Mr. Rochell's adamant denial about having a felony record and Detective Ross's admitted suspicion that Mr. Rochell was telling the truth, formed a sufficient basis for the Court to conclude that a reasonable officer in Detective Ross's position would have conducted some amount of inquiry and investigation before imprisoning Mr. Rochell. Moreover, as previously mentioned, Detective Ross's apparent lack of knowledge and training on the topic of generating/analyzing ACIC reports revealed his incompetence in this particular area and further justified the denial of qualified immunity. *See id.* at 25.

For all these reasons, the Motion for Reconsideration (Doc. 76) is **DENIED**.

**IT IS SO ORDERED** on this 1st day of December, 2017.

／s／ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE