IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOHNNIE ROCHELL, JR.**                                                        **PLAINTIFF**

v.                                       **CASE NO. 5:16-CV-5093**

**DETECTIVE CODY ROSS**                                                         **DEFENDANT**

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT WITNESS**

COMES NOW, Plaintiff Johnnie Rochell, Jr., by and through his counsel, Tiffany Murphy and Matthew Bender and the University of Arkansas School of Law Legal Clinic, and for his Brief in Support of his Motion to Exclude Defendant's Expert Witness, states the following:

**I. FACTUAL BACKGROUND**

1. Counsel for Mr. Rochell were appointed on January 4, 2021, pursuant 28 U.S.C. 1915(d) which allows him to litigate this case *in forma pauperis* because of his financial status. *See* Doc. 111.

2. Prior to the last Order granting Mr. Rochell's Motion to Continue the trial date, no expert witness discovery had occurred in this case and discovery had remained closed, except a recent and limited exchange of information by agreement of the parties—an agreement to permit Mr. Rochell to issue a subpoena to the FBI and the disclosure of Mr. Ross' personnel file in exchange for allowing Mr. Ross to depose four of Mr. Rochell's witnesses.

3. Mr. Ross has objected to any reopening of discovery, including for expert witnesses. He now seeks to introduce an expert witness pursuant to the Court's most recent Order. *See* Doc. 128.

4. On February 8, 2021, Mr. Ross filed a Motion for a Protective Order related to Mr. Rochell's Arkansas Freedom of Information Act Requests arguing, in part, that FOIA cannot be used to circumvent the discovery process. *See* Doc. 113. The Court denied this motion in an Order on February 25, 2021. *See* Doc. 117.

5. On May 4, 2021, Mr. Rochell filed his First Motion to Continue a Trial Date citing to the posture of the case, the recent and ongoing discovery, the relatively recent appointment of counsel, and Ms. Murphy and Mr. Bender's conflicts with the old June 2021 trial date due to teaching duties during the summer class session at the University of Arkansas School of Law. *See* Doc. 125.

6. Mr. Ross filed an objection to Mr. Rochell's motion on May 6, 2021, on the grounds that there was not good cause for a continuance, discovery (in a formal sense) had concluded, and the request for an extension would needlessly delay the case. *See* Doc. 126. The motion raised a concern that "Defendant believes that Plaintiff's request for a continuance is also an attempt to extend the expert deadline, to which Defendant objects." *Id*. 126 at ¶ 7. Mr. Ross also stated in the motion, "discovery in this case ended per this Court's scheduling order on July 7, 2017. Thus, asking the Court for more time to review these documents in preparation for trial is not for good cause." *Id.* at ¶ 5. Mr. Ross also contended Mr. Rochell's "mention of 'continued discovery' was at Plaintiff's request, which Defendant has very graciously allowed and made concessions with the caveat that Defendant did not want any of the continued discovery to result in any further delays in the trial date." *Id.* at ¶ 6.

7. The Court granted Mr. Rochell's Motion on May 11, 2021, and reopened discovery for expert witness with a deadline for disclosure of expert witnesses as June 14, 2021, and discovery deadline for experts of August 12, 2021.  *See* Doc. 128.

8. A deadline for *Daubert* and related expert witness disqualification motions was set for August 24, 2021, in the Eighth Amended Case Management Order.  *See* Doc. 130.

9. Mr. Ross provided expert witness disclosures on June 14, 2021, including an expert report. *See* Exhibit 1.  Mr. Ross disclosed Jack Ryan as an expert witness along with a report, CV, and fee schedule.  According to Mr. Ryan's fee schedule, his time costs $250 per hour, his testimony is $2,500 per day, and he lists a flat rate of $8,500.  *See* Exhibit 2.  Mr. Ryan's report recites national police training standards and offers opinions on legal conclusions that are impermissible for trial.  *See* Exhibit 1 at pp. 25-34.

10. While Mr. Rochell has shown interest in obtaining an expert witness, Mr. Rochell has never asked for discovery to be reopened by the Court nor hired or disclosed an expert witness. After receiving Mr. Ryan's report, Mr. Rochell did not obtain a rebuttal expert.  This is because Mr. Rochell cannot afford an expert witness.

11. Mr. Rochell now moves the court to exclude the testimony of Mr. Ross' expert witness, Jack Ryan, pursuant to Federal Rules of Evidence 103, 401, 402, 403, 702 and 703, and for issues of fairness and pursuant to Eighth Circuit precedent.

## II. LEGAL STANDARD

As a preliminary matter, questions concerning the admissibility of evidence should be determined by the court.  Fed. R. Evid. 104.  A Court's ruling on the admissibility of evidence is reviewed for abuse of discretion.  *See Harris v. Secretary, United States. Dep't of the Army*, 119 F.3d 1313, 1321 (8th Cir. 1997).  "A district court has wide discretion in ruling on the admissibility

of proffered evidence . . . ." *Id*. A Court will be reversed only for "clear and prejudicial abuse of discretion." *Walker v. Kane*, 885 F.3d 535, 538 (8th Cir. 2018).

Federal Rule of Evidence 702 requires that expert testimony (1) help the trier of fact determine facts at issue; (2) be based on sufficient facts or data; and (3) be the product of reliable principles and methods. Fed. R. Evid. 702. In addition, the expert must have reliably applied those principles and methods to facts of the case. *Id.* It is well established that "the touchstone for the admissibility of expert testimony is whether it will assist or be helpful to the trier of fact." *Lee v. Andersen,* 616 F.3d 803, 808 (8th Cir. 2010); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

The Eighth Circuit Court of Appeals has explained the interaction of Rule 704(a) with the general requirements for expert testimony found in Rule 702:

> Under Rule 702, a qualified expert may give opinion testimony if the expert's specialized knowledge would help the jury understand the evidence or decide a fact in issue. *United States v. Arenal*, 768 F.2d 263, 269 (8th Cir. 1985). Although an expert opinion is not inadmissible merely because it embraces an ultimate issue to be decided by the trier of fact, not all expert opinions are admissible. *Id.* Opinions that are phrased in terms of inadequately explored legal criteria or that merely tell the jury what result to reach are not deemed helpful to the jury and are not admissible under Rule 702.

*United States v. Whitted*, 11 F.3d 782, 785 (8th Cir. 1993) (cleaned up); *see also Dow Corning Corp. v. Safety Nat'l Cas. Corp.*, 335 F.3d 742, 751 (8th Cir. 2003) (affirming the trial court's rejection of an expert's legal opinions that attempted to tell the Court what opinion to reach). A Court should exclude an expert's testimony if it instructs the jury on the law because the Court alone defines the law for the jury. *See United States v. Wells*, 63 F.3d 745, 753 (8th Cir. 1995).

### III. ARGUMENT

**A. Defendant's Expert Witness Should be Disqualified Pursuant to the Federal Rules of Evidence, *Daubert*, and *Kumho Tire***

A review of Mr. Ryan's report shows that he intends to testify primarily that Mr. Ross' actions were reasonable as a matter of law. Allowing testimony on issues of law is prejudicial and impermissible. *See. S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). An expert, for either side, may not opine about whether Mr. Ross acted reasonably, a matter of law, during his encounter with Mr. Rochell.[1]

Mr. Ryan's report indicates he is planning to testify as an expert on issues such as objective reasonableness under *Graham v. Conner*, 490 U.S. 386 (1989), and whether Mr. Ross' conduct comported with what is objectively reasonable. The is patently improper expert testimony under Rule 702. For example, one statement made in Mr. Ryan's report is, "thus, to the degree that Ross pushed Rochell further into a prone position, Ross' actions were consistent with generally accepted policies, practices, training, and legal mandates trained to officers for application in field operations." *See* Exhibit 1 at p. 34, ¶ 105. Whether the force used while making an arrest was constitutionally excessive is an issue of law, and not an area for Mr. Ryan to offer expert opinions at trial. *See Brossart v. Janke*, 859 F.3d 616, 624 (8th Cir. 2017), *see also Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995) (holding it was an abuse of discretion to allow an expert to testify that officers' conduct comported with the Fourth Amendment). Under Rule 702 an expert's opinion concerning the reasonableness or excessiveness of an officer's conduct is an proscribed legal conclusion, not a fact-based opinion. *See McKenney v. Harrison*, 635 F.3d 354,

---

[1] Some recent district court cases within the Eight Circuit are instructive on this point where plaintiffs' expert witnesses have had their testimony excluded by defendant police officers. *See e.g., Sloan v. Long,* No. 4:16 CV 86 (JMB), 2018 U.S. Dist. LEXIS 38604, at *8-12 (E.D. Mo. Mar. 9, 2018); *Pacheco v. Johnson*, No. 3:11-CV-00221, 2017 U.S. Dist. LEXIS 116001, 2017 WL 3149580, at *2 (M.D. Tenn. July 25, 2017).

359 (8th Cir. 2011). As a result, Mr. Ryan's testimony is excludable under Rule 702 and through the Court's power as a gatekeeper of what is relevant and reliable. *See Lee*, 616 F.3d at 808, *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. at 589; *Kumho Tire Co. v. Carmichael*, 526 U.S. at 147 (extending *Daubert* to non-scientific testimony).

Introducing Mr. Ryan's expert testimony will also be unfairly prejudicial given Mr. Rochell's lack of an expert to rebut the opinions and, most likely, thoroughly confuse the jury. Under Rule 403, courts have broad discretion to assess unfair prejudice, and are reversed only for an abuse of discretion. *See United States v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005). As far as evaluating prejudice, Rule 403 protects against evidence that is unfairly prejudicial—essentially evidence that "tends to suggest decision on an improper basis." *See United States v. Myers*, 503 F.3d 676, 682 (8th Cir. 2007). Even if Mr. Ryan is allowed to testify about broader issues like national standards and run through hypothetical scenarios, his testimony still implies his opinions on questions of law, not fact to the jury. This form of testimony should be excluded under Rules 401 and 403. Additionally, under Rule 403, allowing Mr. Ryan to testify in a limited scope given how much of his testimony should be excluded is also likely to lead to numerous objections and needlessly prolong the trial. Testimony that confuses warrants exclusion, even of some relevant evidence under Rule 401, if admitting the evidence would lead to litigation of collateral issues. *See Russell v. Anderson*, 966 F.3d 711, 730 (8th Cir. 2020); *see also Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995) (holding a district court properly excluded evidence on a collateral issue because likelihood of unfair prejudice, confusion, and waste of time outweighed its probative value).

The question of whether to exclude expert testimony under Rule 702 has been evaluated by the Eighth Circuit several times in the context of Fourth Amendment claims. Courts have

excluded experts from offering opinions on the ultimate issue in cases for both probable cause and excessive force claims. In *Peterson*, the Eight Circuit held that for cases involving arrests without probable cause, even during a jury trial, probable cause is ultimately a question of law for the court, and the jury's role at trial. 60 F.3d at 475 (citing *Arnott v. Mataya*, 995 F.2d 121, 123-24 (8th Cir. 1993)). An expert's opinion on the reasonableness of an officer's conduct in light of Fourth Amendment standards is a legal conclusion on the ultimate issue of law, not a fact-based opinion that will assist the jury. *See id.; see also Estes v. Moore*, 993 F.2d 161, 163 (8th Cir. 1993) (finding that because the ultimate conclusion on probable cause is a question of law, an expert's opinion on whether probable cause existed was an inadmissible legal conclusion); *see also Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009) (finding an expert's opinions regarding the overall reasonableness of evidence collection and strip search procedures to be an impermissible legal conclusion); *Hygh v. Jacobs*, 961 F.2d 359, 364 (2nd Cir. 1992) ("Even if a jury were not misled into adopting outright a legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard—explicit or implicit—to the jury."). The same principle applies in excessive force cases. "Once the predicate facts are established, the reasonableness of the official's conduct under the circumstances is a question of law." *McKenney*, 635 F.3d at 359. Mr. Ryan's opinions concerning the reasonableness or excessiveness of Mr. Ross' conduct under the Fourth Amendment would be an impermissible legal conclusion, not a fact-based opinion.

A few other issues are worth addressing on why excluding Mr. Ryan's testimony is more appropriate than trying to craft guardrails for his testimony. The first is that while concerns about evidence should ordinarily be resolved in favor of admission, *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 356 F.3d 850, 858 (8th Cir. 2004), when the subject matter is within the jury's

knowledge or experience the expert testimony should be excluded because it does not meet the "helpfulness" factor of Rule 702. *Lee*, 616 F.3d at 809 (quoting *United States v. Arenal*, 768 F.2d 263, 269 (8th Cir. 1985)) (affirming district court's exclusion of expert's opinion as to what was visible in still-screen shots of a video). In this case, the jury is likely to understand the issues of excessive force (or probable cause for Mr. Rochell's second arrest) because these are issues people often encounter or hear about in the news. An expert is not needed to pontificate on the definition of excessive force or what it means to be arrested.

Additionally, a limiting instruction to the jury on how to consider any testimony about hypotheticals would hard to craft and harder for a juror to follow. Strictly delineating between questions of law and fact are often difficult enough for lawyers to resolve, let alone jurors. This cornerstone distinction will be difficult to manage during a trial if Mr. Ryan is limited even to testifying about national standards and responding to analogous hypotheticals. The problems with creating a workable limiting instruction to avoid extensive objections or guide the jury support excluding Mr. Ryan's testimony as unfairly prejudicial. *See* Fed. R. Evid. 403, Advisory Committee Notes; *but see United States v. Hawthorne*, 235 F.3d 400, 404 (8th Cir. 2000) (holding that where relevant evidence is also prejudicial, a limiting instruction may be used to diminish the danger of unfair prejudice from the admission of challenged evidence). In this case, the majority of Mr. Ryan's testimony should be excluded, and, in general, his testimony (or what is not subject to exclusion based on precedent) is not likely to be helpful to the jury.

### B. Defendant's Expert Should Be Disqualified Based on Issues of Fairness and an Expert Should Not Opine on Issues Reserved for the Jury

During this case, Mr. Ross has consistently contended that discovery has been closed since July 7, 2017. *See e.g.,* Doc. 126 at ¶ 5. In his objection to Mr. Rochell's continuance in May of

2021, Mr. Ross requested that this trial not be delayed for continued discovery and expressed concern that Mr. Rochell was manipulating the Court into a continuance and specifically objected to "extending the expert witness deadline." Doc. 126 at ¶¶ 5,7 (cleaned up).

The financial disparities between the parties—Mr. Ross' litigation expenses appear to be well funded while Mr. Rochell is a legal "pauper"—has created an unfairness in the expensive area of obtaining an expert witness. If Mr. Ryan testifies, financial disparity will allow Mr. Ross to benefit his own objection. The only way for the inequality to be fixed would be for Mr. Ross' expert witness to be disqualified, or for the Court to continue the case and appoint a neutral expert pursuant to Rule 706 (an outcome neither party appears to want).

Finally, Mr. Ryan should be categorically prohibited from expressing any opinions on the weight of the evidence or the credibility of any witnesses. *See United States v. Azure*, 801 F.2d 336, 340 (8th Cir. 1986). An example is Mr. Ryan's following opinion:

> Here the officer, who was working in an undercover capacity and was legally parked on a public street, was confronted with an individual who had clearly noticed Ross, and Rochell had instead gone into the house and armed himself with a rifle after admittedly trying to get Ross' attention to determine what Ross was doing parked on the public street in front of Rochell's home. An officer faced with these circumstances would conclude not only that a serious offense was about to take place, but also that a dramatic physical threat was occurring.

Exhibit 1 at p. 27, ¶ 94. This opinion, if offered at trial, is a determination that invades the province of the jury and should be excluded. Mr. Ryan's opinion in the quote above is essentially identifying facts and evaluating whether Mr. Ross' risk assessment was objectively reasonable, which is a legal conclusion. It also acts to bolster Mr. Ross' credibility rather than offer a helpful, permitted opinion to the jury. This invades the province of the jury—as the Eighth Circuit has noted, "putting an impressively qualified expert's stamp of truthfulness on a witness' story goes

too far in present circumstances." *Azure*, at 340. The reliability of a person's statements or professionalism of actions are credibility issues which should be left to the jury. *See Westcott v. Crinklaw*, 68 F.3d 1073, 1076 (8th Cir. 1995). While Mr. Ryan may not be opining on directly on Mr. Ross' credibility, he is implicitly bolstering Mr. Ross' credibility as a capable police officer with this statement. *See generally*, *Hygh v. Jacobs*, 961 F.2d at 364. Mr. Ryan's statement about the standard operating procedures for police officers and Mr. Ross' conformity with it and similar opinions go to Mr. Ross' professional credibility, as well as acting as a legal conclusion. Neither should be admissible, and the easiest solution in this case is to exclude Mr. Ryan's testimony in its entirety.

### III. CONCLUSION

For the foregoing reasons, Plaintiff, Johnnie Rochell Jr., respectfully requests this Court grant his Motion to Disqualify Defendant's Expert Witness and for all other available relief.

Respectfully submitted,

Johnnie Rochell, Jr.
Plaintiff

By: _____

Matthew Bender
Arkansas Bar No. 2014105

Tiffany R. Murphy
Arkansas Bar No. 2015057
University of Arkansas
Law School Legal Clinic
1045 W. Maple Street
Fayetteville, AR 72701
(479) 575-3056

Dated: August 23, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Arkansas by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By:

_____
Matthew Bender