IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOHNNIE ROCHELL, JR.**                                                                               **PLAINTIFF**

**V.**                      **CASE NO. 5:16-CV-5093**

**DETECTIVE CODY ROSS**                                                           **DEFENDANT**

**ORDER**

Now before the Court are Plaintiff Johnnie Rochell, Jr.'s Motion to Exclude Expert Witness (Doc. 134) and Brief in Support (Doc. 135) and Defendant Detective Cody Ross's Response in Opposition (Doc. 138).  Detective Ross retained John J. "Jack" Ryan, a former police officer, to testify as an expert on police use of force.  Pending for trial is Mr. Rochell's claim that Detective Ross used excessive force against him during an arrest, violating Mr. Rochell's constitutional rights and creating a cause of action under 42 U.S.C. § 1983.

The contours of the claim are well defined, and the relevant facts needed for the jury to make its decision are relatively few.  Mr. Rochell maintained in his *pro se* Amended Complaint:  "Cody [Ross] threatened my life with his gun as I layed [sic] on the ground with my hands behind my back."  (Doc. 8, pp. 5–6).  After that, Mr. Rochell retained counsel, who filed a response on Mr. Rochell's behalf in opposition to Detective Ross's motion for summary judgment.  Mr. Rochell explained in that response:

> **When Detective Ross pointed his gun at the back of Rochelle's head at a point blank range and threatened to blow his head off, there was no immediate threat to the safety of the officer, nor was Mr. Rochelle trying to resist arrest. He was lying face down on the ground, unarmed and complying with officer commands. At that point, Detective Ross's actions were excessive** in violation of Mr. Rochelle's Fourth Amendment

1

> protections. As such, Detective Ross is not entitled to summary judgment as a matter of law as a genuine issue of material fact remains as to whether a reasonable officer would believe that Rochelle was posing an immediate threat to the safety of the officers, or whether he is actively resisting arrest or attempting to evade arrest by flight and, thus whether Ross used excessive force.

(Doc. 59, p. 14 (emphasis added)).

The Court then issued its ruling on summary judgment, denying Detective Ross qualified immunity on the excessive-force claim and framing the claim as follows:

> Viewing the facts in the light most favorable to Mr. Rochell, **after he was disarmed, with his weapon on the ground several feet from him, and he was lying on the ground with his hands behind his back, posing no threat to anyone, Detective Ross then pressed his weapon "behind [Mr. Rochell's] right ear" and screamed, "I'll blow your fucking brains out if you ever approach me like that again!"** (Doc. 53-1, p. 7). For his part, Detective Ross does not recall specifically what he said once Mr. Rochell went to the ground, but he does remember screaming at Mr. Rochell and admits that he pointed his gun at Mr. Rochell "when he was on the ground," at "[a]lmost point blank" range, (Doc. 53-7, p. 29), and that it was "[v]ery likely" that he placed the barrel of his pistol directly against Mr. Rochell, just as Mr. Rochell claims he did, *id.* at 30. Detective Ross neither admits nor denies that he then threatened to "blow [Mr. Rochell's] fucking head off." *Id.*
>
> Under these facts, Mr. Rochell has constructed a triable claim for excessive force that should be presented to a jury.

(Doc. 69, p. 18 (emphasis added)).

The Eighth Circuit then opined on appeal that "the facts the district court found sufficiently supported at summary judgment gave rise to a Fourth Amendment violation because a police officer uses excessive force **by pointing his service weapon at the head of a suspect who has dropped his weapon, has submitted to arrest, and no longer poses an immediate threat to the safety of officers or others**." (Doc. 83-1,

2

p. 2 (emphasis added)).   The above quotations from Mr. Rochell's summary judgment brief, this Court's summary judgment opinion, and the Eighth Circuit's appellate opinion set forth the excessive-force claim that will be presented to the jury.

Turning now to his expert opinion, Mr. Ryan's report fails to discuss the facts that are pertinent to the claim being tried.  Mr. Ryan offers no expert opinions regarding whether national and/or local policing training and standards endorse a police officer pointing a weapon at the head of a suspect and threatening to kill him, when that suspect has dropped his weapon and no longer poses an immediate threat to officer safety. Instead, Mr. Ryan opines generally that it was acceptable police practice for Detective Ross to "point[] a firearm at Mr. Rochell, maintain[] cover of Mr. Rochell and put[] Rochell on the ground."   (Doc. 135-1, p. 25).

The decision whether to exclude expert testimony is committed to a district court's discretion, subject to the Federal Rules of Evidence, including Rule 702.  *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (8th Cir. 2014).   Rule 702 states that expert witness testimony should be permitted if it will "help the trier of fact to understand the evidence or to determine a fact in issue."   As Mr. Ryan's report fails to disclose any opinions that are relevant to the specific excessive-force claim at issue in this lawsuit, his testimony is excluded under Rule 702 as extraneous and unhelpful to the trier of fact. The testimony is also irrelevant under Rule 402.   And to the extent any of Mr. Ryan's opinions could be deemed tangentially relevant—such as his broad opinions on when a crime scene should be considered "under control" or how a police officer should appropriately "cover" a threatening individual—the Court finds such testimony excludable

under Rule 403, as it would tend to confuse or mislead the jury on the relevant issues and potentially result in unfair prejudice to Mr. Rochell.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Exclude Expert Witness (Doc. 134) is **GRANTED**, and Mr. Ryan will not be permitted to testify.

**IT IS SO ORDERED** on this 10th day of September, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE